UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

CORY HYMES, CORY ALLEN,
RICARDO BENITEZ, FRANCISCO DIAZ,
and JESUS FRANCISCO, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

vs.

TIER ONE SOLUTIONS, INC., a Florida
corporation, and ALFRED MUNOZ, individually,

       Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, CORY HYMES, CORY ALLEN, RICARDO BENITEZ, FRANCISCO DIAZ and JESUS FRANCISCO, on behalf of themselves and all others similarly situated, by and through undersigned counsel, sues the Defendants, TIER ONE SOLUTIONS, INC., (hereinafter, "Company"), and ALFRED MUNOZ, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiffs, former employees of the Defendants, brought this action on behalf of themselves and all others similarly situated to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff are/were residents of this judicial district, employees of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiffs and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, ALFRED MUNOZ, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiffs, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiffs, on behalf of themselves and all others similarly situated, were 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiffs were hired as non-exempt employees by the Defendants.

11. During their employment, the Defendants however had Plaintiffs, non-exempt employees under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiffs for such work in violation of the FLSA.

12. Specifically, from September of 2017 to February of 2018, Plaintiff, DIAZ worked approximately 70 hours per week, yet did not receive the overtime premium. Rather he only was paid for straight time at $23.24.

13. Plaintiff, DIAZ should have had an overtime rate of $34.86, which shorted him $11.62. Over 30 hours per week, this totals $348.60. Over 6 months, Plaintiff, DIAZ is owed $9,063.60 in unpaid overtime.

14. For Plaintiff, HYMES, in October of 2017, he also worked approximately 70 hours per week, yet did not receive the overtime premium. Rather he only was paid for straight time at $23.24.

15. Plaintiff, HYMES should have had an overtime rate of $34.86, which shorted him $11.62. Over 30 hours per week, this totals $348.60. Over 3 weeks, Plaintiff, HYMES is owed $1,045.80 in unpaid overtime.

16. For Plaintiff, ALLEN, from September of 2017 to February of 2018, he worked approximately 84 hours per week, yet did not receive the overtime premium. Rather he only was paid for straight time at $20.00.

17. Plaintiff, ALLEN should have had an overtime rate of $30.00, which shorted him $10.00. Over 44 hours per week, this totals $440.00. Over 6 months, Plaintiff, ALLEN is owed $11,440.00 in unpaid overtime.

18. Then, from September of 2017 to October of 2018, Plaintiff, BENITEZ worked approximately 55 hours per week, yet did not receive the overtime premium. Rather he only was paid for straight time at $23.18.

19.     Plaintiff, BENITEZ should have had an overtime rate of $34.77, which shorted him $11.59. Over 15 hours per week, this totals $173.85. Over 13 months, Plaintiff, BENITEZ is owed $9,735.60 in unpaid overtime.

20.     Finally, from September of 2017 to December of 2017, Plaintiff, FRANCISCO worked approximately 60 hours per week, yet did not receive the overtime premium. Rather he only was paid for straight time at $23.24.

21.     Plaintiff, FRANCISCO should have had an overtime rate of $34.86, which shorted him $11.62. Over 20 hours per week, this totals $232.40. Over 15 weeks, Plaintiff, FRANCISCO is owed $3,486.00 in unpaid overtime.

## COUNT I
## FLSA - COMPANY

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 21 above.

22.     Plaintiffs are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

23.     By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–ALFRED MUNOZ

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 21 of

this Complaint.

24. Plaintiffs are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

25. By reason of the intentional, willful and unlawful acts of the Defendant, ALFRED MUNOZ in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, ALFRED MUNOZ for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts.

Dated: July 16, 2019.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920